1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK ANTHONY MCKINNEY,

                Claimant,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

Case No. C17-5584-JCC

**ORDER CONVERTING
COMMISSIONER'S MOTION TO
DISMISS TO MOTION FOR
SUMMARY JUDGMENT AND
DENYING THE MOTION**

      Defendant filed the instant motion under Federal Rule of Civil Procedure (FRCP)

12(b)(6) arguing claimant's complaint should be dismissed as untimely. Dkt. 5. Because the

Commissioner included matters outside the pleadings which the Court found necessary to

consider prior to ruling on the Commissioner's motion, namely the Declaration of Nancy Chung,

that motion is converted to a motion for summary judgment under FRCP 56.[1] For the reasons set

forth below, the Court denies the defendant's motion.

      Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that

---

[1] FRCP 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings
are presented to and not excluded by the court, the motion must be treated as one for summary judgment
under Rule 56. All parties must be given a reasonable opportunity to present all the material that is
pertinent to the motion." Here, defendant submitted additional evidence outside the pleadings. The
claimant, in response, submitted rebutting evidence in the form of declarations and included arguments
against the motion to the extent it was considered under Rule 12(b)(6) as well as to the extent it was
considered as one for summary judgment under Rule 56. The defendant had an opportunity to reply to
the claimant's response but chose not to do so. As such, the Court finds the parties have had a reasonable
opportunity to present all the material that is pertinent to the motion.

ORDER CONVERTING COMMISSIONER'S MOTION TO
DISMISS TO MOTION FOR SUMMARY JUDGMENT AND
DENYING THE MOTION - 1

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRCP 56(c). In deciding whether summary judgment should be granted, the Court "must view the evidence in the light most favorable to the nonmoving party," and draw all inferences "in the light most favorable" to that party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). When a summary judgment motion is supported as provided in FRCP 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(e)(2).

A civil action seeking judicial review of a final decision of the Commissioner "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's [ (ALJ's) ] decision or notice of the decision by the Appeals Council is received by" the claimant, unless "extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The date of receipt of the notice of the decision of the Appeals Council by the claimant or the claimant's representative is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*; 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 20 C.F.R. § 404.1715(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you."). Where a timely request is made to the Appeals Council in writing and a claimant can show "good cause for missing the deadline," an extension of the sixty-day filing cutoff date will be granted by the Commissioner. 20 C.F.R. § 404.982; 20 C.F.R. § 422.210(c). A showing that neither the claimant nor counsel "receive[d] notice of determination or decision" within the presumed timeframe is one of many "circumstances where good cause may exist." 20 C.F.R. §

404.911(b)(7). "The 60–day period is not jurisdictional, but instead constitutes a statute of

limitations." *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987).

In support of its motion, the Commissioner submits the declaration of Nancy Chung,

Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations at

the Office of Disability Adjudication and Review (ODAR), the individual responsible for

processing SSI and DIB claims whenever a civil action has been filed in Washington state. *See*

Dkt. 5-1 at ¶ 3 (Chung Decl.). In her declaration, Ms. Chung provides that "on August 28, 2015,

an Administrative Law Judge issued a decision denying the claimant's claim for benefits under

Titles II and XVI, and mailed a copy thereof to the claimant (Exhibit 1 [to Ms. Chung's

Declaration]). Thereafter, the plaintiff requested review of this decision." Dkt. 5-1 at 3 at ¶ 3(a)

(Chung Decl.). Ms. Chung states that in response to claimant's request for review, "[o]n January

18, 2017, the Appeals Council sent, by mail addressed to the claimant at [his home address], with

a copy to the representative, notice of its action on the plaintiff's request for review and of the

right to commence a civil action within sixty (60) days from the date of receipt (Exhibit 2 [to Ms.

Chung's Declaration])." *Id.* The Commissioner contends that, pursuant to 20 C.F.R. § 404.901,

the Notice of Appeals Council Action (Notice) was presumed to have been received on January

23, 2017, and claimant was required to file the instant action on or before March 24, 2017. Dkt.

5 at 2. Thus, the Commissioner contends, the filing of the action on July 28, 2017, was untimely.

*Id.*

The Court finds Mr. McKinney has made a "reasonable showing" that the Notice was not

received within the five-day period of the statutory mailing presumption. In opposition to the

instant motion, both Mr. McKinney and his attorney, Todd R. Renda, submitted sworn

declarations indicating that the Notice was never received by mail and that they only became

aware that the Appeals Council had denied review when Mr. Renda called the office on June 27,

2017, to inquire about the status of the request for review. Dkt. 6-1, 6-2. Mr. Renda also

submitted a copy of a letter sent to the Appeals Council on June 27, 2017, stating the above and

requesting that a copy of the Notice be sent to him. Dkt. 6-3. Mr. Renda further indicates that

the Appeals Council faxed him a copy of the Notice on June 27, 2017, and he commenced this

action on July 28, 2017, within 60 days of his actual receipt of the Notice by fax. Dkt. 6-2. The

Court finds these declarations, in addition to the evidence of the June 27, 2017 letter to the

Appeals Council, sufficient to successfully rebut the presumption of receipt afforded to the

Commissioner. *See, e.g., Jacobson v. Berryhill*, 2017 WL 3454574 at *3 (W.D. Wash. Aug. 11,

2017) (affidavits of counsel denying receipt within the statutory five day period sufficient to

successfully rebut the presumption of receipt afforded to the Commissioner, noting the Court

was "not inclined to call into question the honesty of attorneys who have submitted sworn

statements under penalty of perjury"); *but see Thompson v. Colvin*, 2016 WL 6126028, at *2–3

(W.D. Wash. Oct. 19, 2016) (affidavits of claimant and his attorney "insufficient to rebut the

presumption of notice"). The Commissioner submits nothing in reply disputing or rebutting the

claimant's showing. As such, the Court finds the Commissioner has failed to meet her burden on

this motion of establishing the action was untimely filed.

For the foregoing reasons, the Commissioner's converted motion for summary judgment

(Dkt. 5) is **DENIED** and this case may proceed as filed. The Commissioner is further directed to

file its answer on or before January 8, 2017.

DATED this 27th day of December, 2017.

_____

JOHN C. COUGHENOUR
United States District Judge