UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK ANTHONY MCKINNEY,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

Case No. C17-5584 JCC

**ORDER REVERSING AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff, Mark Anthony McKinney, seeks review of the denial of his applications for Disability Insurance Benefits and Supplemental Insurance Security Income. Dkt. 1. Plaintiff contends the ALJ harmfully erred by rejecting the opinions of David Widlan, Ph.D., and Victoria McDuffee, Ph.D. Dkt. 14 at 1. As relief, plaintiff contends the Court should reverse the ALJ's decision and remand the case for further proceedings. *Id.* The Commissioner disagrees arguing the ALJ gave two valid reasons to reject the doctors' opinions. Dkt. 15 at 3. As discussed below, the Court finds the ALJ harmfully erred, **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process set forth in 20 C.F.R. §§ 404.1520(a),

416.920(a), the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date of May 14, 2013.

**Step two:** Affective disorder, anxiety disorder, personality disorder, and polysubstance abuse disorder are severe impairments.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment. *See* 20 C.F.R. Part 404, Subpart P. Appendix 1.

**Residual Functional Capacity:** Plaintiff can perform the full range of work at all exertional levels. Due to mental disorders he can perform simple and detailed tasks, but would have difficulty performing complex tasks consistently. He can work in jobs away from the general public. He can have superficial contact with co-workers and supervisors and is able to work in groups of 10 or fewer individuals.

**Step four:** Plaintiff can perform past relevant work as a treatment center attendant – psych aide, truck driver, or construction worker.

**Step five:** Alternatively, plaintiff can perform other jobs that exist in significant numbers in the national economy and is therefore not disabled.

Tr. 14-27. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied plaintiff's request for review. Tr. 1. The rest of the procedural history is not essential in determining the outcome of the case and is thus not recounted.

## DISCUSSION

The Commissioner's determination a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. *Schneider v. Comm'r of the SSA*, 223 F.3d 968, 973 (9th Cir. 2000). Plaintiff challenges how the ALJ handled the opinions of examining psychologists David Widlan, Ph.D., and Victoria McDuffee, Ph.D. Dkt. 14 at 1. The ALJ must provide clear and convincing reasons supported by substantial evidence to discount the uncontradicted opinions of these examining psychologists. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

### A. Dr. Widlan

In August 2013, Dr. Widlan performed a psychological evaluation on plaintiff and diagnosed plaintiff with Bipolar Disorder II and cocaine dependence in early full remission. Tr. 238. Dr. Widlan opined plaintiff has adequate memory, concentration and social reasoning; he can accept instruction from supervisors and he can complete activities of daily living. *Id*. The doctor also found plaintiff "has been prone to inconsistent performance" and "would likely be prone to absenteeism and have difficulty consistently negotiating basic social stressors." *Id.*

The ALJ rejected Dr. Widlan's opinions that plaintiff would be prone to inconsistent performance; likely be prone to absenteeism; and have difficulty consistently negotiating social stressors. The ALJ found these opinions are inconsistent with the mental status examination findings the doctor made, and rely upon plaintiff's discredited statements about his mental problems. Tr. 24.

The Commissioner contends the ALJ properly rejected Dr. Widlan's opinions for two reasons. First the Commissioner argues the ALJ properly found the doctor's opinions relied to a large extent on plaintiff's statements. Dkt. 15 at 3-4. Generally if a medical source's opinions are based "to a large extent" on a claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible, the ALJ may discount the source's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Additionally, an ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Ryan v.*

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

*Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008) (citing *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001)).

Here, the ALJ's finding that Dr. Widlan's opinions were based on plaintiff's subjective reporting is not supported by substantial evidence. Dr. Widlan did not discredit plaintiff's complaints or indicate he disbelieved plaintiff. The doctor, of course, reported what plaintiff stated during the examination but there is no indication that is all the examination entailed. Rather, Dr. Widlan performed a standard professional psychological examination and the ALJ did not find otherwise.

Moreover, a "[p]sychiatric evaluation[ ] may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). For this reason, the Court in *Buck* noted "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* Accordingly, the Court finds Dr. Widlan's opinions are not merely reliant upon plaintiff's statements. Rather the record shows the doctor's opinions reflect his assessment following a professional mental health examination. The ALJ therefore harmfully erred in rejecting Dr. Widlan's opinions on the grounds they were based upon plaintiff's discredited statements.

Second, the Commissioner argues the ALJ properly rejected Dr. Widlan's opinions because they were inconsistent with his own clinical findings. Dkt. 15 at 3-4. The record does not support this argument, or the ALJ's finding. Dr. Widlan opined plaintiff has adequate memory, concentration and social reasoning, noting plaintiff "was able to complete MSE tasks." Tr. 238. The ALJ found Dr. Widlan's findings plaintiff has adequate social reasoning and can

take instruction from a supervisor are inconsistent with the doctor's opinion plaintiff would have difficulty consistently negotiating social stressors. Substantial evidence does not support this finding. Social reasoning and taking instruction from a boss are not the same thing as having difficulty with social stressors. The fact one understands social situations or can take instruction does not mean one can adequately deal with the stress of social situations. For instance, one may understand the social situation regarding the work of an "automobile detailer" (a job the ALJ found plaintiff could perform) but be unable to deal with the stressors of the job: pressure to complete a job; keeping up with the number of cars to detail; fixing or reporting a mistake; getting into disagreements with a boss or co-worker; etc. In sum, the ALJ erred in rejecting Dr. Widlan's opinions that plaintiff is prone to inconsistent performance, and would likely be prone to absenteeism and have difficulty consistently negotiating social stressors.

### B. Dr. McDuffee

Dr. McDuffee performed a psychological evaluation of plaintiff in October 2013. She diagnosed plaintiff with Mood Disorder, NOS – depression marked and anxiety moderate; Polysubstance Dependence; (Bipolar Disorder, NOS) rule out; and (ADHD combined type) rule out. Tr. 245. In assessing plaintiff's ability to perform work functions, the doctor opined plaintiff was markedly impaired in his ability to perform activities within a schedule, maintain regular attendance and be punctual; make simple work related decisions; communicate and perform effectively in a work setting; and complete a normal work day and work week. Tr. 246. Dr. McDuffee also found plaintiff was moderately impaired in his ability to perform routine tasks without special supervision; adapt to changes in a routine work setting; be aware of normal hazards; and set realistic goals and plan independently. *Id.*

The Commissioner argues the ALJ correctly rejected all of these limitations. The

Commissioner argues that, as with Dr. Widlan, the ALJ properly rejected Dr. McDuffee's opinion as reliant on plaintiff's statements, and as inconsistent with her own clinical findings. Dkt. 15 at 3-4. Substantial evidence does not support the ALJ's finding that Dr. McDuffee's opinions are heavily based on plaintiff's discredited statements. Dr. McDuffee did not disbelieve plaintiff, performed a professional psychological examination, administered some standard tests, and made clinical observations including how plaintiff presented with "underlying anger, hostility, aggression, argument," and his mood was "irritable," and his affect was "labile." Tr. 247. While the doctor noted "concerns regarding over reporting of symptoms" on the MMPI-2-RF test, her opinions reflected direct clinical observations and other test results. Tr. 246, 249. On the mental status exam, the doctor found plaintiff's thought process and content were not within normal limits, noting "rumination." Tr. 247. Dr. McDuffee also found plaintiff's judgment and insight were not within normal limits, noting "self sabotaging [behaviors]. Poor insight and judgment." Tr. 248.

The ALJ also erred in finding Dr. McDuffee's opinions are inconsistent with other evidence of record. Dkt. 15 at 3-4. The ALJ found plaintiff's "mini-mental status exam" was "perfect," and thus undercuts Dr. McDuffee's opinions. Tr. 24. But that test result, only one of the tests given, reflected only "no cognitive impairment" and did not underpin the mood, emotional, and personality disorders Dr. McDuffee diagnosed based on observation, testing, clinical interview, and records review. Tr. 246, 249. The ALJ further found Dr. McDuffee failed to sufficiently explain her opinions and that the basis of the opinions are not evident from the mental status exam findings. Tr. 24. These findings stray from the record. As noted above, Dr. McDuffee made clinical observations indicating plaintiff's complete mental status exam was far from "perfect" and instead that he suffered from abnormal thought process and content, and

abnormal insight and judgment. The Court accordingly concludes the ALJ's finding is not supported by substantial evidence.[1]

The Court further concludes the ALJ's rejection of portions of Drs. Widlan's and McDuffee's opinions is not harmless. In determining a claimant's RFC, an ALJ must assess all the relevant evidence, including medical reports to determine what capacity the claimant has for work. See 20 C.F.R. § 416.945(a). Similarly, hypothetical questions that an ALJ poses to a VE to determine what work a claimant can perform "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)). This did not occur here because the ALJ rejected some of the limitations assessed by the doctors in assessing plaintiff's RFC and in posing questions to the vocational expert.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of Drs. Widlan and McDuffee, develop the record and reassess plaintiff's RFC as needed and proceed to steps four and five as appropriate.

DATED this 13th day of June, 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address whether the ALJ properly rejected GAF scores assessed by Drs. McDuffee and Widlan because plaintiff has not assigned error to the ALJ's finding.

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7